UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOSEPH SULLIVAN, on behalf of himself
and all others similarly situated,

    Plaintiff,

v.                                            Civil Action No. 3:22-cv-678

CAPITAL ONE BANK (USA), N.A.,

    Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, JOSEPH SULLIVAN (hereinafter "Mr. Sullivan" or "Plaintiff"), by and through his undersigned Counsel, and for his Complaint against Defendant CAPITAL ONE BANK (USA), N.A. ("Defendant" or "Capital One"), states as follows:

### PRELIMINARY STATEMENT

1. This is an action by Plaintiff (1) individually against Capital One for actual, statutory, and punitive damages, costs, and attorneys' fees brought pursuant to the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691(d) and (2) on behalf of himself and all others similarly situated against Capital for actual and punitive damages, costs, and attorneys' fees brought pursuant the Massachusetts Consumer Credit Reporting Act ("MCCRA"), Mass. Gen. Laws Ann. 93 § 50 *et seq*.

2. Plaintiff brings this ECOA action against Capital One with respect to the requirement that Capital One provide written adverse action notices containing the *specific reasons* for the adverse action taken when taking such adverse action with respect to a credit transaction. 15 U.S.C. § 1691(d).

3. In addition, Plaintiff brings a class claim against Capital One for violations of the MCCRA for unilaterally closing credit card accounts maintained by Massachusetts consumers without providing these consumers in ten business days the requisite written notice of the identity and contact information of the consumer reporting agency issuing the report that Capital One relied upon in taking adverse action on Plaintiff's account. Mass. Gen. Laws Ann. 93 § 62.

## JURISDICTION & VENUE

4. The jurisdiction of this Court is conferred by 15 U.S.C. § 1691 and 28 U.S.C. § 1332(d).

5. Venue is proper in this District as Defendant resides in this District and a substantial portion of the events giving rise to Plaintiff's claims occurred in this District.

## PARTIES

6. Plaintiff Joseph Sullivan is a natural person who resides in Norfolk County, Massachusetts and is authorized by law to bring this action.

7. Defendant Capital One is a national banking association headquartered in this District, which regularly conducts business in this District and Division, both where its primary business operations are located.

## FACTUAL ALLEGATIONS

*The ECOA Requires Creditors to Provide Written Notice of the Specific Reasons When an Adverse Action is Taken in Regard to a Consumer's Credit*

8. In enacting the ECOA, Congress found "that there is a need to insure that the various financial institutions and other firms engaged in the extensions of credit exercise their responsibility to make credit available with fairness, impartiality, and without discrimination[.]" ECOA, 88 Stat. 1521, note to 15 U.S.C. § 1691.

9. In enacting the ECOA, Congress found "[e]conomic stabilization would be enhanced [by] the informed use of credit which Congress has heretofore sought to promote." 15 U.S.C. § 1601(a).

10. The adverse action requirements of 15 U.S.C. § 1691(d) further such Congressional purposes by ensuring that credit is made available with fairness, impartiality, and without discrimination, and that consumers are informed and educated in their use of credit.

11. "In 1976, Congress amended the ECOA to include a provision requiring creditors to provide applicants with written notice of *the specific reasons* why an adverse action was taken in regards to their credit. *See* 15 U.S.C. § 1691(d)(2)-(3)" *Tyson v. Sterling Rental, Inc.*, 836 F.3d 571, 576 (6th Cir. 2016).

12. "The Senate report accompanying the 1976 amendment indicates that in addition to further discouraging discriminatory practices, the notice requirement is intended to provide consumers with a 'valuable educational benefit' and to allow for the correction of possible errors '[i]n those cases where the creditor may have acted on misinformation or inadequate information.'" *Id.* at 576-77 *citing* S. Rep. No. 94-589, at 4 (1976).

13. In December 2021, the Federal Trade Commission, the Consumer Financial Protection Bureau, the United States Department of Justice, and the Board of the Federal Reserve jointly filed an amicus brief in the Seventh Circuit in *John Fralish v. Bank of America* (Nos. 21-2846, 21-2999) (7th Cir.), arguing that the term "applicant" as used in the ECOA is best read to protect existing holders of credit.

14. Recently in May 2022, the Consumer Financial Protection Bureau issued a new advisory opinion "to affirm that the Equal Credit Opportunity Act (ECOA) and Regulation B protect those actively seeking credit and those who sought and received credit." The CFPB takes

the position that, despite the wording of the ECOA's definition of the term "applicant," the "best interpretation" of the ECOA is that the term includes existing borrowers.[1]

15. By refusing to provide Plaintiff the specific reasons for adverse action, Capital One has denied him his private statutory right to receive such information, of the educational benefit of such information, and the ability to engage in the informed use of credit.

16. In addition, by refusing to provide Plaintiff the specific reasons for adverse action, including the source of such information, Capital One has denied him his due process right to correct possible errors.

17. Further, the Plaintiff and his paid agents have spent significant time and resources – with an economic value greater than $1,000 – attempting to determine the reasons for the denial and how to correct it, all without success. And of course, the filing fees and attorneys' fees incurred to file this action in order to learn such reason are injuries alone.

18. For these reasons and those articulated in the facts below, Plaintiff has suffered concrete and particularized injuries such as the decrease and/or loss of credit resulting from Capital One's conduct. Such injuries may be redressed in the form of damages and equitable relief as sought herein.

### The MCCRA Requires Creditors Terminating Consumers' Credit and/or Reducing Consumers' Lines of Credit Due to Information Contained in a Consumer Report to Notify Consumers in Writing of the Identity of the Consumer Reporting Agency which Provided the Report

19. Massachusetts law requires:

> **Whenever credit** or insurance **for personal**, family or household **purposes**, or employment **involving a consumer is denied or terminated** or the charge for such credit or insurance is increased either wholly or partly or whenever a consumer's line of credit is reduced, except when the consumer is delinquent with regard to such line of credit, **because of information contained in a consumer report from**

---

[1]  https://files.consumerfinance.gov/f/documents/cfpb_revoking-terms-of-existing-credit-arrangement_advisory-opinion_2022-05.pdf

4

> **a consumer reporting agency, the user of the consumer report shall, within ten business days of its decision to deny or terminate such credit**, insurance or employment, or to increase the charge for such credit or insurance, **or to reduce a consumer's line of credit**, except when the consumer is delinquent with regard to such line of credit, **notify such consumer in writing against whom such adverse action has been taken. Said notice** shall be in a clear and conspicuous format, no smaller than ten point type, and **shall contain the name, address, and toll-free telephone number of any consumer reporting agency which provided any consumer report which was reviewed or otherwise taken into account in the making of such adverse action and shall inform the consumer of his rights**…

Mass. Gen. Laws Ann. Ch. 93 § 62 (emphasis and gradient added).

*Facts as to Plaintiff*

20. On or about February 14, 2018, Plaintiff applied for and was approved for a credit card account with Capital One for account ending in -3094.

21. On or about April 8, 2019, Plaintiff applied for and was approved for a credit card account with Capital One for account ending in -0133.

22. On or about June 18, 2021, Plaintiff applied for and was approved for a credit card account with Capital One for account ending in -0511.

23. As of September 1, 2021, Plaintiff was the cardholder of three Capital One credit cards in good standing ending in nos. -0133, -0511, and -3094 (the "three accounts").

24. The three accounts were issued by Capital One and used by Plaintiff for personal purposes.

25. On or about September 14, 2021, Plaintiff unexpectedly received three separate letters from Capital One on his three accounts, each of them stating:

> Dear Joseph W. Sullivan,
>
> We're writing to let you know that this Capital One credit card account has been closed for the following reason:
>
> > Capital One has discovered adverse past or present legal action involving an individual or entity associated with the account.
>
> Unfortunately, it can't be reopened, and we are not able to offer additional information about this decision.
>
> **Here's what you need to know:**
> - You are still responsible for any remaining balance, and you'll continue receiving billing statements until the account is paid in full.
> - For your security, we recommend shredding or destroying all cards associated with this account.
> - If you use this account to pay recurring charges, like a phone bill or subscription service, be sure to update your payment information.
> - We'll credit your account for the value of any remaining rewards if it's eligible for rewards redemption. If this results in a credit balance, we'll mail you a check within 120 days.
>
> Sincerely,
>
> Capital One
> Customer Care Team

26. Capital One improperly handled Plaintiff's three accounts. The accounts were closed without providing justifiable reasons and without permitting Plaintiff sufficient information about the source of the information and in so doing, denied Plaintiff of his due process right to correct possible errors.

27. On or about December 2, 2021, Plaintiff wrote to Capital One asking for Capital One to: "Please provide me with the following: 1. Identify the adverse past or present legal action involving an individual or entity associated with each account[; and] 2. Identify the source of the adverse past or present legal action involving an individual or entity associated with each account."

28. On or about December 28, 2021, Capital One sent letters to Plaintiff on the three accounts in an apparent response to his December 2, 2021 inquiry, but did not provide Plaintiff with the information he requested. In its letters, Capital One provided an illogical and irrelevant response to Plaintiff's inquiry. A sample excerpt of one of the letters is below.

> Dear JOSEPH SULLIVAN,
>
> Thanks for contacting us about your Capital One® account. We appreciate the opportunity to address your inquiry regarding the validity of this account.
>
> According to our records, We received your application by Internet on 02/14/2018 and your account was opened on 02/14/2018. The last charge billed to your account was on 08/18/2021 in the amount of $22.27. Your last payment received on this account was on 10/08/2021 in the amount of $33.19.
>
> We have placed a disagreement code with a resolution of dispute on your credit file to the major credit reporting agencies.
>
> The account was opened with a valid contract between you and Capital One.
>
> For more information about credit bureau reporting, please see the Credit Bureau Frequently Asked Questions on our website, www.capitalone.com/credit-cards/faq.

29. Plaintiff does not know on what information Capital One relied in terminating his three accounts.

30. Plaintiff has reviewed his credit report and other sources seeking to find the source of such misinformation on which Capital One relied so he could clear his name, but has been unable to find any such information attributable to him from any sources from which he has searched.

### *Plaintiff Suffered Actual Harm*

31. Capital One's closure of Plaintiff's account has caused him harm in the form of decreased credit and decreased credit scores.

32. As a result of Capital One's actions, Plaintiff has suffered damages, including, but not limited to:

   a. Stress associated with termination of credit and decreased FICO scores;

   b. Out-of-pocket expenses, e.g. postage;

    c.    Loss of time attempting to obtain the information to which he was entitled under the ECOA and Massachusetts law;

    d.    Mental anguish, stress, aggravation, confusion, and other related impairments to the enjoyment of life.

    e.    Stress associated with attempting to resolve this matter in the last year.

## CLASS ACTION ALLEGATIONS

33. Plaintiff realleges and incorporates the foregoing paragraphs as if fully set out herein.

34. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings Count II for himself and on behalf of a class initially defined as follows:

> **Mass. Gen. Laws Ann. 93 § 62 Class:** All persons residing in Massachusetts who received an adverse action notice for a Capital One credit account issued for personal, household, or family purposes based on information from a consumer reporting agency where Capital One failed to provide in ten business days written notice of the identity and contact information of the consumer reporting agency issuing the report that Capital One relied upon in taking adverse action against the accountholder within two years prior to the filing of this action and during its pendency.

35. Class certification is appropriate under Rule 23(a).

36. **Numerosity:** The class members are so numerous that joinder of all their claims is impractical. The class members are geographically distributed throughout Massachusetts, their names and addresses are identifiable through Capital One's internal business records, and they may be notified of the pendency of this action by published and/or mailed notice. Given the volume of Capital One's consumer lending business, there are hundreds, if not thousands, of class members.

37. **Typicality:** Plaintiff's claims are typical of the members of the classes. It is typical for Capital One to fail to notify consumers of the identity and contact information of the consumer

reporting agency issuing the report that Capital One relied upon in taking adverse action on a consumer credit account, and Capital One treated Plaintiff consistently with other class members in accordance with its standard policies and practices.

38.  **Adequacy:** Plaintiff will fairly and adequately protect the interests of the classes because he and his experienced counsel are free of any conflicts of interest and are prepared to vigorously litigate this action on behalf of the class.

39.  **Commonality:** This case presents common questions of law and fact, including but not limited to:

   a.  Whether Capital One violated Mass. Gen. Laws Ann. 93 § 62 by failing to notify Massachusetts credit accountholders of the identity and contact information of the consumer reporting agency issuing the report that Capital One relied upon in taking adverse action against the accountholder;

   b.  Whether Capital One's violations of Mass. Gen. Laws Ann. 93 § 62 were willful; and

   c.  The proper measure of damages.

40.  **Superiority:** Class certification is appropriate under Rule 23(b)(3) because, *inter alia*, questions of law and fact common to the class predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Capital One's conduct described in this Complaint stems from common and uniform policies and practices. Members of the class do not have an interest in pursuing separate actions against Capital One, as the amount of each class member's individual claim is small compared to the expense and burden of individual prosecution. Class certification will obviate the need for unduly duplicative litigation that might result in

inconsistent judgments concerning Capital One's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all class members' claims in a single forum.

41. In view of the complexities of the issues and the expenses of litigation, the separate claims of individual class members are insufficient in amount to support separate actions.

42. Yet, the amount which may be recovered by individual class members will be large enough in relation to the expense and effort of administering the action to justify a class action. The administration of this action can be handled by class counsel or a third-party administrator, and the costs of administration will represent only a small fraction of the ultimate recovery to be achieved.

### COUNT I – EQUAL CREDIT OPPORTUNITY ACT
### 15 U.S.C. § 1691(d)

43. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

44. As described above, Defendant Capital One terminated Plaintiff's three accounts without providing Plaintiff with *the specific reasons* why an adverse action was taken in regards to his credit. Defendant's letter did not say if the information came from a consumer reporting agency. Defendant's letter did not even identify the adverse information purportedly justifying its termination of his credit accounts. Plaintiff has no way of knowing what information Capital One relied upon in terminating his accounts and further, Capital One prohibited him from obtaining more information about its decision.

45. This conduct violated 15 U.S.C. § 1691(d) of the ECOA and Regulation B.

46. The ECOA defines adverse action as "a denial or revocation of credit, a change in terms of an existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the terms requested. The ECOA requires that "[e]ach applicant against whom adverse action is taken shall be entitled to a Statement of Reasons for such action from the creditor." 15 U.S.C. § 1691(d)(2).

47. "A statement of reasons meets the requirements of this subsection only if it contains the specific reasons for the adverse action taken." 15 U.S.C. § 1691(d)(3).

48. Capital One failed to and in fact expressly refused to provide the specific reasons for the adverse action of revoking and refusing to extend credit as alleged herein.

49. As a result of Defendant's actions in violation of the ECOA, plaintiff was substantially harmed, and is entitled to an award of actual damages. Such damages naturally accrue from the revocation of existing accounts and the resulting impacts on credit scores.

50. As a result of Defendant's actions in violation of the ECOA, Plaintiff is entitled to an award of punitive damages of up to $10,000, or whatever damages the Court or jury finds just and proper.

51. Capital One is a "too big to fail" bank with massive resources such that its most recently reported total bank equity capital exceeds $18 billion.

52. Capital One knows of and is familiar with its obligations to inform applicants of adverse action, yet it expressly refused to do so.

53. Capital One made a business decision to refuse to comply with ECOA as to Plaintiff because noncompliance was cheaper and otherwise more advantageous for Capital One, even though its noncompliance resulted in substantial detriment of Plaintiff.

54. The resources of Capital One, along with the nature and persistence of its refusals, justifies the maximum award of punitive damages.

55. Pursuant to 15 U.S.C. § 1691e(c), Plaintiff requests that this Court grant equitable relief in the form of requiring Capital One to provide a specific statement of reasons for its adverse actions, including but not limited to a description of the actual reasons for the adverse action, as well as the source(s) of the information Capital One relied upon.

56. Plaintiff requests an award of costs and a reasonable attorneys' fees pursuant to 15 U.S.C. § 1691e(d).

## COUNT II
### Violation of Mass. Gen. Laws Ann. 93 § 62

57. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

58. As described above, Defendant Capital One terminated Plaintiff's three accounts without providing Plaintiff in ten business days the requisite written notice of the identity and contact information of the consumer reporting agency issuing the report that Capital One relied upon in taking adverse action on Plaintiff's account and further, Capital One even rebuffed Plaintiff's attempt to find more information about Capital One's decision.

59. Capital One systematically failed to provide Massachusetts accountholders the requisite written notice of the identity and contact information of the consumer reporting agency issuing the report that Capital One relied upon in taking adverse action against these accountholders.

60. This conduct willfully violated Mass. Gen. Laws Ann. 93 § 62.

61. Capital One's failure to provide Plaintiff and the Mass. Gen. Laws Ann. 93 § 62 Class the requisite notice under the MCCRA, inclusion in its adverse action letters of language

specifically prohibiting Plaintiff and the Mass. Gen. Laws Ann. 93 § 62 Class from obtaining more information about Capital One's decision, and refusal to respond requests for the identity of the consumer reporting agency as previously stated, all demonstrate that Capital One intentionally engaged in malicious conduct in disregard for Plaintiff's rights under the MCCRA.

62. As a result of Defendant's actions in violation of the MCCRA, Plaintiff and the Mass. Gen. Laws Ann. 93 § 62 Class were substantially harmed, and is entitled to an award of actual damages. Such damages naturally accrue from Capital One's concealment of material information necessary for Plaintiff and the Class to clear their names from unknown adverse information provided to Capital One by an unknown consumer reporting agency.

63. Capital One's violations of Mass. Gen. Laws Ann. 93 § 62 were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to Mass. Gen. Laws Ann. 93 § 63. In the alternative, Capital One was negligent, entitling Plaintiff and each class member to recovery under Mass. Gen. Laws Ann. 93 § 64.

64. As a result of these violations, Capital One is liable for actual and punitive damages to Plaintiff and each class member.

65. Pursuant to Mass. Gen. Laws Ann. 93 § 62 Plaintiff requests, on behalf of himself and the Class, that this Court grant equitable relief in the form of requiring Capital One to provide the consumer reporting agency source(s) of the information Capital One relied upon and the address and toll-free telephone numbers of the sources to Plaintiff and all members of the Class.

66. Plaintiff requests an award of costs and a reasonable attorneys' fees pursuant to Mass. Gen. Laws Ann. 93 § 63, alternatively, Mass. Gen. Laws Ann. 93 § 64.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

A. Determining that this action may proceed as a class action under Rule 23;

B. Designating Plaintiff as the class representative for the class;

C. Designating Plaintiff's counsel as counsel for the class;

D. Issuing proper notice to the class at Capital One's expense;

E. Determining that Capital One negligently and/or willfully violated the MCCRA;

F. Awarding actual damages, statutory damages, and punitive damages as provided by the MCCRA;

G. Awarding reasonable attorneys' fees and costs as provided by the MCCRA;

H. Awarding Plaintiff an award of punitive damages of up to $10,000, or whatever damages the Court or jury finds just and proper, as provided by the ECOA;

I. Awarding reasonable attorneys' fees and costs as provided by the ECOA; and

J. Granting further relief as this Court may deem appropriate and just.

Respectfully Submitted,

**JOSEPH SULLIVAN**

By: /s/ Drew Sarrett
Drew Sarrett, VSB #81658
**CONSUMER LITIGATION ASSOCIATES, P.C.**
626 East Broad Street, Suite 300
Richmond, VA  23219
(804) 905-9900 - Telephone
(757) 930-3662 - Facsimile
Email:  drew@clalegal.com

Leonard A. Bennett, VSB #37523
Craig C. Marchiando, VSB #89736
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd., Ste. 1-A
Newport News, VA 23601
(757) 930-3660 - Telephone
(757) 930-3662 - Facsimile
Email: lenbennett@clalegal.com
Email: craig@clalegal.com

*Counsel for Plaintiff*